UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No: 8:25-cv-2456-KKM-AEP

THOMAS LEGGETT,

    Defendant.
_____

**ORDER**

The State of Florida alleges that Thomas Leggett filed two false liens in violation of § 817.535(2a), Florida Statutes. Am. Notice of Removal (Doc. 3) at 7. Leggett disagrees. *See id.* at 464. In the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida, the State of Florida charged Leggett with two counts of unlawfully filing false documents. *Id.* at 7. Leggett attempted to remove the criminal case to federal court but did not provide a basis to do so. *See id.* at 1–3. Leggett filed a second amended notice of removal after I directed him to demonstrate grounds for removal of a criminal proceeding. *See* (Docs. 4 and 5).

Leggett lists five purported grounds for removal: (1) "Federal Question Jurisdiction;" (2) "Civil Rights Removal (28 U.S.C. § 1443);" (3) "Protected

Activity;" (4) "Improper State Procedure;" and (5) "Lien Filed." 2d Am. Notice of Removal (Doc. 5) at 1. None suffice.[1]

Federal question jurisdiction provides grounds for removal only for civil proceedings. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Throughout the second amended notice of removal, Leggett claims in a conclusory fashion that the prosecution "implicates federally protected rights under the Fourth, Fifth, Sixth, and Fourteenth Amendment, and statutory protections under 42 U.S.C. §§ 1983, 1985, and 18 U.S.C. § 245," and that there were violations of "due process and equal protection," "federal law," "procedural due process," "separation of powers," and "deprivation of rights under color of law." 2d Am. Notice of Removal at 1. Leggett asserts only violations of "due process and equal protection" when arguing that 28 U.S.C. § 1443 provides grounds for removal, but I construe this argument to include the other claimed violations mentioned throughout his second amended notice of removal. *See id.* Aside from asserting that he was "unlawfully imprisoned prior to trial and adjudication of guilt" and that the

---

[1] The third, fourth, and fifth grounds are insufficient as they do not identify any statutory basis for removal. *See Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004) ("A defendant's right to remove an action against [him] from state to federal court is purely statutory and therefore its scope and the terms of its availability are entirely dependent on the will of Congress." (internal quotation and citation omitted)).

2

criminal complaint was initiated "without a verified complaint or sworn affidavit," Leggett does not provide any facts to support his claims. *Id.*

Although one can remove a state criminal action to federal court under § 1443, Leggett does not qualify. Section 1443(1)[2] may be invoked when the defendant can "show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' " *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001) (per curiam) (quoting *Georgia. v. Rachel*, 384 U.S. 780, 792 (1966)). If this prong is met, the defendant must also "show that he has been denied or cannot enforce that right in the state courts." *Id.* (citing *Rachel*, 384 U.S. at 794). "Generally, the denial of the petitioner's equal civil rights must be 'manifest in a formal expression of state law.' " *Id.* at 1296 (quoting *Rachel*, 384 U.S. at 803). Thus, with one exception, "removal is available only in cases where the denial of the right can be clearly predicted." *Id.* The "narrow exception" is for situations where, "the very act of bringing the state court proceedings will constitute a denial of the rights conferred by the federal statute" even if "the action is premised upon a facially neutral state law." *Id.* (citing *Rachel*, 384 U.S. at 804–05).

---

[2] Section 1443(2), which also provides for removal, applies "only to federal officers and to persons assisting such officers in the performance of their official duties." *City of Greenwood v. Peacock*, 384 U.S. 808, 815 (1966). Leggett does not claim to be a federal officer or to have assisted one in the performance of their official duties.

3

Leggett's reliance on "broad constitutional principle[s]" will not work. *See Alabama v. Thomason*, 687 F. App'x 874, 879 (11th Cir. 2017) (per curiam) ("[B]road constitutional principle[s do] not give rise to any right stated in terms of racial equality as required by § 1443(1)." (citing *Rachel*, 384 U.S. at 792)). Nor will § 1983, *see Conley*, 245 F.3d at 1295–96, or § 245. *See Johnson v. Mississippi*, 421 U.S. 213, 222–23 (1975).

Whether § 1985 provides grounds for removal of a criminal proceeding remains an open question in the Eleventh Circuit. *See Conley*, 245 F.3d at 1296. I need not decide this question because even if I found that § 1985 could provide grounds for removal under § 1443(1), Leggett cannot meet the second prong because he has not shown that any of his rights have been denied or that he cannot enforce them in the state court. Leggett has not provided any reason that would enable me to clearly predict that his rights will be denied. His second amended notice of removal relies on conclusory claims that his rights have been violated, and the few vague facts that he asserts—that he was "unlawfully imprisoned prior to trial and adjudication of guilt" and that the criminal proceedings were improperly initiated—are not enough. *See City of Greenwood. v. Peacock*, 384 U.S. 808, 827 (1966) ("It is not enough to support removal under [§] 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state

4

administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court."). "Absent an explicit state mandate to the contrary, we presume that federal rights can be effected in pending civil or criminal state proceedings." *State v. Weber*, 665 F. App'x 848, 851 (11th Cir. 2016) (per curiam) (citing *Johnson*, 421 U.S. at 219–20). Further, the "narrow exception" does not apply, as there is no reason to conclude that the prosecution of Leggett under § 817.535(2a), Florida Statutes, will constitute a denial of any rights conferred by § 1985. Thus, remand is warranted.

Accordingly, the following is **ORDERED:**

1. The Clerk is directed to **REMAND** this action to the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida, and to transmit a certified copy of this order to the clerk of that court.

2. The Clerk is further directed to **TERMINATE** any pending deadlines and motions, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on October 28, 2025.

Kathryn Kimball Mizelle
United States District Judge